IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HARRIET ANDERSON, <u>et al.</u>  : CIVIL ACTION
           :
 v.         : NO.  02-CV-4573
           :
PRUDENTIAL PROPERTY AND CASUALTY :
INSURANCE COMPANY    :

## ORDER

  **AND NOW**, this    day of March, 2003, upon consideration of Plaintiffs' Motion to

Remand (docket no. 4), and Defendant's Response thereto, **IT IS ORDERED**, pursuant to 18

U.S.C. § 1446(b), that the Motion is **GRANTED**.[1]  Accordingly, the above-captioned matter is

**REMANDED** to the Court of Common Pleas of Delaware County, Pennsylvania.

  It is **FURTHER ORDERED** that the Clerk of Court shall mail a certified copy of this

---

  [1]  Pursuant to 28 U.S.C. § 1446(b) a case must be removed within 30 days of a
defendant's receipt of the initial pleading or, if the case stated by the initial pleading is not
removable, within 30 days of a defendant's receipt of "a copy of an amended pleading, motion,
order or other paper" from which it may be ascertained that the case is removable.  <u>See</u> 28 U.S.C.
§ 1446(b) (1994).
  Plaintiffs contend that the Writ of Summons does not constitute a removable
initial pleading under § 1446(b), because it does not contain all the information needed to
establish a basis for federal court jurisdiction under 28 U.S.C. § 1332.  In its Response,
Defendant concedes that no complaint has been filed and that the Writ of Summons alone fails to
establish that the case is removable, but argues that a demand letter from Plaintiff Harriet
Anderson to Defendant asserting damages exceeding $75,000 may be considered an "other
paper" triggering the 30-day period in which it was required to file a notice of removal. <u>See</u>
<u>Cabibbo v. Einstein / Noah Bagel Partners, L.P.</u>, 181 F. Supp.2d 428 (E.D. Pa. 2002).  The Court
finds that "this piece of correspondence is not sufficient to justify removal." <u>Textile Chemical</u>
<u>Co. v. Aetna Casualty & Surety Co</u>, 1997 WL 537408, *2 (E.D. Pa. 1997) (noting that the Third
Circuit in <u>Foster v. Mut. Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48, 49 (3d Cir.1993) had
"explicitly adopted the approach" used in <u>Rowe v. Marder</u>, 750 F.Supp. 718, 721 (W.D.
Pa.1990), in which "the court held that correspondence does not constitute 'other paper' under §
1446(b)").  Accordingly, the Court finds the Notice of Removal procedurally defective and,
upon Plaintiffs' timely motion, must remand. <u>See</u> <u>Cook v. Wikler</u>, 2003 WL 403166, *5 (3d Cir.
2003) (holding that once a party timely files a motion to remand, 28 U.S.C. § 1447(c) authorizes
a district court to enter a remand order based on a procedural defect without considering whether
it lacks subject-matter jurisdiction).

Order to the Prothonotary of the Court of Common Pleas of Delaware County, Pennsylvania.

**BY THE COURT:**

_____

**BRUCE W. KAUFFMAN,  J.**